**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000024
18-JUL-2012
08:20 AM**

NO. CAAP-12-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee,
v.
STEVEN MEDEIROS and LIZEL K. MEDEIROS, Defendants-Appellants
and
JOHN DOES 1-50 JANE DOES 1-50, Defendants

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3RC11-1-467)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Defendants-Appellants Steven Medeiros and Lizel K. Medeiros (Appellants) have asserted from the Honorable Harry P. Freitas's October 19, 2011 judgment for possession, because the Appellants' January 12, 2012 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

The October 19, 2011 judgment for possession was immediately appealable pursuant to Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), and, thus, the October 19, 2011 judgment for possession triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the October 19, 2011 judgment for possession. The Appellants did not file their November 1, 2011 motion for reconsideration within ten days after entry of the October 19, 2011 judgment for possession, as Rule 59 of the District Court Rules of Civil Procedure (DCRCP) requires for a timely motion for reconsideration that might otherwise have invoked the tolling provision under HRAP Rule 4(a)(3) for an appeal from the October 19, 2011 judgment for possession.[1] Therefore, the tolling provision under HRAP Rule 4(a)(3) does not apply to the October 19, 2011 judgment for possession. The Appellants did not file their January 12, 2012 notice of appeal within thirty days after entry of the October 19, 2011 judgment for possession and thus have not complied with the applicable thirty-day time period under HRAP Rule 4(a)(1) for asserting a timely appeal. Therefore, the Appellants' January 12, 2012 notice of appeal was untimely as to the October 19, 2011 judgment for possession.

---

[1] Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) provides:

> (3) Time to Appeal Affected by Post-Judgment Motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphases added).

-2-

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."). Consequently, we lack jurisdiction over the Appellants' appeal. Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-12-0000024 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, July 18, 2012.

Presiding Judge

Associate Judge

Associate Judge